IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BIJU MATHEW LUKOSE,<br>     Plaintiff, | § | |
| | § | |
| | § | |
| v. | § | No. 3:25-CV-3137-G-BW |
| | § | |
| CITY OF CARROLLTON, TEXAS,<br>et al., | § | |
| | § | |
|      Defendants. | § | Referred to U.S. Magistrate Judge[1] |

## **MEMORANDUM OPINION AND ORDER**

Biju Mathew Lukose, appearing pro se, has sued a municipality, a county, a state prosecutor, and multiple other individuals relating to his arrest, detention, and prosecution on assault or sexual assault charges that were later dismissed. Before the Court is Lukose's Motion to Extend Time for Service under Fed. R. Civ. P. 4(m), Motion for Alternative Service, and Motion for Limited Expedited Discovery to Identify Doe Defendants filed on February 17, 2026. (Dkt. No. 12 ("Mot.").) No defendant that has been served in this case has filed a response to the motion.

As discussed below, the Court grants Lukose's request for an extension of time to serve defendants, denies his motion for alternate service, and denies his request for expedited discovery.

---

[1] This pro se action was automatically referred to the undersigned magistrate judge for case management by Special Order 3-251. (*See* Dkt. No. 1.)

## I. BACKGROUND

In his pro se complaint, Lukose alleges that officers of the Carrolton Police Department arrested him for misdemeanor assault and seized his phone in October 2023, after his then-fiancée, Defendant Usha Roselin Ravi Shankar, assaulted him. (Dkt. No. 3 ("Compl.")) ¶¶ 23-26.)  He alleges that Shankar continued to voluntarily have contact with him after his release from jail but threatened to accuse him of rape if he contacted police, stopped paying her expenses, or "did not support her immigration plans[.]"  (*Id.* ¶¶ 29-31.)  Then, in November 2023, Lukose self-surrendered at the Dallas County jail after a warrant was issued based on Shanker's allegations of sexual assault. (*Id.* ¶ 43.)  He was released on November 17, 2023 on bond conditions that included electronic monitoring.  (*Id.* ¶ 47.)  The Dallas County prosecution ended in February 2024 after a grand jury no-billed him.  (*Id.* ¶ 49.)

Lukose alleges that he and Shankar continued having regular contact after his case was dismissed.  In March 2024, they had another altercation in Denton County that resulted in Carrolton police officers arresting Shankar for assault.  (Compl. ¶ 51.)  Then, on March 4, 2025, Lukose was arrested in Denton County on charges arising out of sexual assault allegations made by Shankar in connection with the March 2024 altercation.  (*Id.* ¶ 53.)  Lukose's charges were dismissed in October 2025. (Compl. ¶ 53.)

Lukose asserts claims against government agencies, state actors (e.g., police officers, prosecutor), and private individuals under 42 U.S.C. § 1983.  (*See generally* Compl.)  Characterizing his allegations charitably, he avers that Shankar, with the

help of an unidentified other individual, fabricated evidence against him and conspired with the prosecutor, and possibly other state actors, to cause him to be arrested, detained, and prosecuted without probable cause.

Despite this case having been on file for months, Lukose has not served several of the defendants in this action. Included among them are Shankar, Dallas County, and the more than 20 John Doe and Jane Doe defendants. In the instant motion, Lukose seeks an extension of his deadline to serve these defendants, authorization to serve Shankar and Dallas County by alternate methods, and expedited discovery to identify the Doe defendants.

## II.  LEGAL STANDARDS AND ANALYSIS

### A.    Deadline to Serve Defendants

Upon filing suit, a plaintiff has a duty to serve each defendant with a summons and a copy of the complaint and then to file proof of service. *See* Fed. R. Civ. P. 4(c), (*l*). Federal Rule of Civil Procedure 4(m) establishes a deadline by which a plaintiff must serve the defendant, and it provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

When a plaintiff shows good cause for the failure to timely serve a defendant, the court must provide an extension. *McAfee v. Lear Corp.*, No. 3:24-CV-1811-D, 2024 WL 5012063, at *1 (N.D. Tex. Dec. 6, 2024). But when a plaintiff fails to establish

good cause, a court may either dismiss the lawsuit without prejudice or direct that the plaintiff serve the defendant within a specified period. *Id.*

Establishing good cause requires a plaintiff to demonstrate "at least as much as would be required to show excusable neglect. . . . Simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice." *Id.* at *2 (quoting *Newby v. Enron Corp.*, 284 F. App'x 146, 149 (5th Cir. 2008)). "In addition to good cause, 'some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance within the time specified is normally required.'" *Id.* (quoting *Newby*, 284 F. App'x at 149 (internal quotation marks, emphasis, and citations omitted)).

Lukose filed this lawsuit on November 17, 2025, and the clerk issued summonses for the identified defendants that same day. (*See* Dkt. Nos. 3, 5.) Two days later, the Court notified Lukose that his deadline to serve defendants was February 17, 2026. (Dkt. No. 6 as 2.) Lukose filed his motion for an extension on that deadline. (*See* Mot.)

Lukose's supporting documents do not show that he made any effort to serve any defendant until shortly before his February 17 deadline. He served both Marquita Cheri Ruff and the City of Carrolton on February 13. (Dkt. Nos. 8, 9.) Lukose provides an affidavit by John McGuinness, a process server in New Jersey, who states that he unsuccessfully attempted to serve Shankar at an address in Edison, New Jersey on February 13, 2026, at 9:17 a.m., on February 14, 2026, at

4:35 p.m., and on February 16, 2026, a 3:25 p.m.  (Dkt. No. 12-1 at ECF p. 7.)[2]

Another process server, Dana Chernin, testifies by affidavit that she spoke with

Shankar by phone on February 12 and that Shankar confirmed she lived at the

Edison address but said she was on her way to the airport to travel internationally

and did not know when she would return.  (*Id.* at ECF p. 9.)  As for Dallas County,

Lukose provides a process server's affidavit memorializing a February 12, 2026

attempt to serve the county that was stymied by locked doors.  (Dkt. No. 12-4 at

ECF p. 2.)

Lukose has not shown that he has made any effort to serve any of the

unidentified defendants in this case.  Nonetheless, it is within a court's discretion to

extend the deadline under Rule 4(m) even when a plaintiff has failed to show good

cause for the failure to serve a defendant.  *See Smith v. City of Garland*, No. 3:25-CV-

949-B-BW, 2026 WL 245675, at *6 (N.D. Tex. Jan. 14, 2026), *accepted*, 2026 WL

243014 (N.D. Tex. Jan. 29, 2026).

Despite Lukose's belated efforts to serve Dallas County and Shankar—and his

complete failure to show good cause as to all other unserved defendants—the Court

**GRANTS** Lukose's motion for an extension of the deadline established by Rule 4(m)

and extends the deadline to serve each defendant and file proof of service until **May**

---

[2] The Court calls Lukose's attention to court rules requiring a separate appendix with sequentially numbered pages when filing documents to support a motion or response.  *See* N.D. Tex. L. Civ. R. 7.1(i), 7.2(e).  Failure to comply with the rules may result in striking pleadings or the denial of motions in the future.

**1, 2026**.  In light of the length of this extension and Lukose's lack of diligence in effecting service during the 80 days after filing this lawsuit, the Court does not intend to provide any further extension absent extraordinary and compelling circumstances.

## B.    Alternate Service

The methods for serving an individual defendant under Fed. R. Civ. P. 4 depends on whether the individual is served in a federal judicial district in the United States or is instead served in a foreign country.  An individual may be served within the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made," Fed. R. Civ. P. 4(e)(1), or by personally serving the individual, leaving a summons and complaint at the defendant's usual place of abode with another resident of suitable age, or delivering the documents to an agent authorized by law to receive service, Fed. R. Civ. P. 4(e)(2).  "Unless federal law provides otherwise," a person who is in a foreign country must be served, in relevant part:

(1)  by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; [or]

*    *    *

(3)  by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

Serving a local government, such as a county, is controlled by Rule 4(j). It provides that a "state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2). In Texas, the county judge is considered the chief executive officer of a county. *See* Tex. Civ. Prac. & Rem. Code § 17.024(a) ("In a suit against a county, citation must be served on the county judge."); *see also Clark v. Johnson County*, No. 3:01-CV-2231-M, 2002 WL 912778, at *2 (N.D. Tex. Mar. 27, 2002) ("Federal Rule of Civil Procedure 4(j)(2) requires that service on a governmental organization subject to suit shall be effectuated by delivering a copy of the summons and complaint to its chief executive officer, which in this case is the County Judge.").

Because this Court is located in Texas, a plaintiff may—through either Rule 4(e)(1) as to an individual or Rule 4(j)(2)(B) as to a county—serve the respective defendant in a manner permitted by state law. Under Texas Rule of Civil Procedure 106, a plaintiff may effect service by personal delivery or by "mailing to the defendant by registered or certified mail, return receipt requested, a copy of the citation and of the petition." Tex. R. Civ. P. 106(a)(1)-(2). The Texas rule also provides for alternate methods of serving a defendant with court authorization supported by certain evidence:

> Upon motion supported by a statement—sworn to before a notary or made under penalty of perjury—listing any location where the defendant can probably be found and stating specifically the facts

showing that service has been attempted under (a)(1) or (a)(2) at the location named in the statement but has not been successful, the court may authorize service:

(1) by leaving a copy of the citation and of the petition with anyone older than sixteen at the location specified in the statement; or

(2) in any other manner, including electronically by social media, email, or other technology, that the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b).

Lukose requests authorization to serve Shankar and Dallas County by alternate means. Lukose has not established that substitute service is appropriate as to Shankar. Lukose states that Shankar told a process server that she was traveling internationally with no foreseen return date. And Shankar has identified an address where she might be served if she is in India. (*See* Mot. at 6.) India is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. *See* Hague Conference on Private Int'l Law, *India*, available at https://www.hcch.net/en/states/hcch-members/details1/?sid=101 (last visited Mar. 17, 2026). Because Lukose knows of an address where Shankar might be served in India and such service requires the transmission of judicial documents abroad, he must abide by the requirements of the Hague

Convention to serve Shankar there.  *See Prem Sales, LLC v. Guangdong Chigo Heating & Ventilation Equip. Co.*, 494 F. Supp. 3d 404, 418–19 (N.D. Tex. 2020).[3]

If, however, Shankar is in the United States, Lukose has not made the showing necessary to permit alternate service by any of the methods he requests.  A plaintiff requesting alternate service must provide a supporting affidavit that strictly complies with the requirements of Tex. R. Civ. P. 106(b).  *See Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-CV-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015).  The supporting sworn statement must state (1) "the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found" and (2) specifically state the facts showing that traditional methods of service were unsuccessful.  Tex. R. Civ. P. 106(b). Importantly, the plaintiff must also explain how the requested method of alternative service is likely to give the defendant actual notice of the lawsuit.  *See* Tex. R. Civ. P. 106(b)(2) (authorizing method that "the statement or other evidence shows will be reasonably effective to give the defendant notice of the suit").

Here, Lukose fails to provide the support necessary for the Court to authorize alternate service on Shankar.  Among other things, his failure to determine whether she is in the United States or abroad gives the Court little confidence that some of his

---

[3] To the extent Lukose suggests that Rule 4(f)(3) enables the Court to authorize another method of service irrespective of the Hague Convention's applicability, the Court declines to adopt that view.  *See Prem Sales*, 494 F. Supp. 3d at 418-19 (requiring plaintiff to fulfill requirements of Hague Convention, identifying (f)(3) as a "safety valve for unanticipated situations" (quoting 4B Charles A. Wright, Arthur R. Miller & Adam N. Steinman, Fed. Prac. & Proc. § 1133 (4th ed. 2020))).

requested methods—e.g., mailing documents, posting documents to apartment door—would be reasonably effective in giving Shankar notice of the lawsuit. Lukose's request to serve Shankar through an alternative method is **DENIED**.

For the same reason—i.e., failure to provide a supporting affidavit that strictly complies with the requirements of Tex. R. Civ. P. 106(b)—the Court also **DENIES** Lukose's request as to Dallas County. Even though the Court must deny the request, it addresses one method of service for which he requests court authorization. Lukose asks to serve Dallas County by "by certified mail, return receipt requested, addressed to Dallas County's chief executive officer[.]" (Mot. at 11.) As explained above, a plaintiff may, under Tex. R. Civ. P. 106(a)(2) through Fed. R. Civ. P. 4(j)(2), serve the county judge by registered or certified mail, return receipt requested. *See Abelar v. Harris Cnty. Texas*, No. CV H-23-21, 2023 WL 3467214, at *2 (S.D. Tex. May 15, 2023). Lukose is already authorized to serve Dallas County in this manner, and court authorization is unnecessary.

## C.    Expedited Discovery

Lukose has named numerous Doe defendants in this case. He identifies the following: John Does 1 through 5 are Carrolton police officers; John Does 6 through 10 are Dallas County jail employees; Jane Does 1 through 5 are nurses, victim advocates, or safehouse staff; John Doe 12 is an attorney who Lukose alleges met with Shankar and discussed a civil action against Lukose; John Doe 11 is a friend of Shankar who assisted her in preparing false evidence against Lukose; and John/Jane Does 12 through 20 are "additional unknown persons," such as other officers, jail

staff, medical or victim-services personnel, or "private actors." (Compl. ¶¶ 12-20.) In his motion, Lukose generally requests authorization to conduct expedited discovery to learn the identities of these unidentified defendants. (*See* Mot. at 9, 11-12.)

Fed. R. Civ. P. 26(d)(1) provides that a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f)" except by agreement of the parties, when authorized by the rules, or permitted by the court. "The Fifth Circuit has not adopted a standard for determining whether expedited discovery is warranted, but district courts within the circuit have applied the 'good cause' standard." *Hunsinger v. Doe Corp.*, No. 3:22-CV-2444-M-BH, 2022 WL 16722344, at *1 (N.D. Tex. Nov. 4, 2022) (citing authorities). "In a 'good cause' analysis, a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *Mary Kay Inc. v. Beyou-Cosms. storefront on www.eBay.com*, No. 3:21-CV-1074-B, 2021 WL 2315097, at *1 (N.D. Tex. June 7, 2021) (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011) (internal quotation marks omitted)). Although the precise factors considered may depend on the particular facts of the case, courts have looked at the breadth of the requested discovery, the purpose for the expedited discovery, whether the moving party can identify the missing party with sufficient specificity, and whether the plaintiff's claims could withstand a motion to dismiss. *Id.* The party requesting expedited discovery has the burden to establish good cause. *Hunsinger*, 2022 WL 16722344, at

11

*1. "Courts have found good cause for allowing limited expedited pre-service discovery to identify an unknown defendant." *Id.* at *2. But "the subject matter related to requests for expedited discovery should be narrowly tailored in scope." *Mary Kay Inc.*, 2021 WL 2315097, at *1.

Lukose has not established good cause for the apparently broad discovery that he requests. He has not submitted any proposed subpoena or other discovery request, nor has he identified the parties or non-parties from which he intends to seek discovery. He either intends for the Court to specify the scope and recipients of discovery for him or he is asking for authorization to conduct unbounded discovery, neither of which the Court will grant. In these circumstances, Lukose has failed to show good cause to allow the requested discovery. *Cf. MODE Glob., LLC v. Kuriger*, 350 F.R.D. 271, 275 (N.D. Tex. 2025) (ordering party to respond to particular discovery requests); *Mary Kay Inc.*, 2021 WL 2315097, at *2 (authorizing plaintiff to "serve the . . . subpoenas attached to its motion").[4] Lukose's motion for expedited discovery is therefore **DENIED**.

---

[4] The Court denies Lukose's broad request to for expedited discovery because he so patently fails to establish good cause. In the event he renews the motion, there may be additional reasons—such his lack of diligence in attempting to identify the defendants prior to expiration of the limitations period—that might preclude him from obtaining expedited discovery. *See Monacelli v. City of Dallas*, No. 3:21-CV-2649-L, 2023 WL 9052013, at *3–5 (N.D. Tex. Dec. 29, 2023) (denying expedited discovery to identify officers because doing so would be futile where limitations period passed and plaintiff showed no basis for tolling).

## III.  CONCLUSION

Lukose's February 17, 2026 motion (Dkt. No. 12) is **GRANTED** in part and **DENIED** in part.  Specifically, the Court extends Lukose's deadline to serve defendants pursuant to Rule 4 until May 1, 2026.  It denies Lukose's request for alternate service and denies his request for expedited discovery.

**SO ORDERED** on March 18, 2026.

_____

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE