IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BIJU MATHEW LUKOSE, Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | No. 3:25-CV-3137-G-BW |
| CITY OF CARROLLTON, TEXAS, et al., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**MEMORANDUM OPINION AND ORDER**
**VACATING CLERK'S ENTRY OF DEFAULT**

Pending before the Court is Defendant Chakradhar Yarlagadda's Motion to Set Aside Clerk's Entry of Default and to Quash Service of Process filed on July 20, 2026. (Dkt. No. 77 ("Motion" or "Mot.").) For the reasons explained below, the Motion (Dkt. No. 77) is **GRANTED**.

## I. BACKGROUND

Plaintiff Biju Lukose, proceeding pro se, filed this action on November 17, 2025, alleging that officers of the Carrolton Police Department arrested him for misdemeanor assault and seized his phone in October 2023 after his then-fiancée assaulted him. (Dkt. No. 3 ("Compl.") ¶¶ 23-26.) He alleges that Shankar continued to voluntarily have contact with him after his release from jail but threatened to accuse him of rape if he contacted police, stopped paying her expenses, or "did not support her immigration plans[.]" (*Id.* ¶¶ 29-31.) Then, in November 2023, Lukose

[1] This pro se case was automatically referred to the undersigned magistrate judge pursuant to Special Order 3-251. (Dkt. No. 1.)

self-surrendered at the Dallas County jail after a warrant was issued based on Shankar's allegations of sexual assault. (*Id.* ¶ 43.) He was released on November 17, 2023, on bond conditions that included electronic monitoring. (*Id.* ¶ 47.) The Dallas County prosecution ended in February 2024 after a grand jury no-billed him. (*Id.* ¶ 49.)

Lukose alleges that he and Shankar continued having regular contact after his case was dismissed. In March 2024, they had another altercation in Denton County that resulted in Carrolton police officers arresting Shankar for assault. (Compl. ¶ 51.) Then, on March 4, 2025, Lukose was arrested in Denton County on charges arising out of sexual assault allegations made by Shankar in connection with the March 2024 altercation. (*Id.* ¶ 53.) Lukose's charges were dismissed in October 2025. (Compl. ¶ 53.)

Lukose asserts claims against government agencies, state actors (e.g., police officers, prosecutor), and private individuals under 42 U.S.C. § 1983. (*See generally* Compl.) Characterizing his allegations charitably, he avers that Shankar, with the help of an unidentified other individual, fabricated evidence against him and conspired with the prosecutor, and possibly other state actors, to cause him to be arrested, detained, and prosecuted without probable cause. (*See, e.g.*, *id.* ¶¶ 65-77.)

On March 26, 2026, Lukose filed a First Amended Complaint consisting of 174 pages and 330 paragraphs and naming approximately 43 Defendants, including government officials, law enforcement officers, medical professionals, non- profit victim advocate organizations, private parties, and several John/Jane Doe parties.

(*See* Dkt. No. 18 ("1st Am. Compl.").) The gist of Lukose's claims remained the same. (*See generally id*.) Summonses as to the newly-added Defendants, including Yarlagadadda, were issued on April 14, 2026. (*See* Dkt. No. 28.)

Then, on May 6, 2026, Lukose filed a motion for leave to file a second amended complaint (Dkt. No. 37) and the Certificate of Conference provided therewith represented that appearing-Defendants City of Carrollton, Dallas County, Dallas County ADA Ruff, and Adriana Sellers of Dallas County Victim Services did not oppose granting Lukose leave to file a second amended complaint. (*See id*. at 8.) Accordingly, on May 13, 2026, the Court granted Lukose's motion for leave (Dkt. No. 42), and his Second Amended Complaint was filed on May 22, 2026. (Dkt. No. 45 ("2d Am. Compl.").). Texas Forensic Nurse Examiners, The Turning Point, Kizzy Thomas, and additional John Does parties were added as Defendants. (*See id*.) On July 8, 2026, summonses were issued as to the newly-added Defendants. (*See Dkt*. No. 60.) But the docket does not reflect that Lukose requested issuance of summonses as to Defendants—such as Yarlagadadda—who had not yet been served.

On July 15, 2026, Lukose filed a Request for Clerk's Entry of Default against Yarlagadda (Dkt. No. 72), which the Clerk entered on July 17, 2026 (Dkt. No. 76). On July 20, 2026, Yarlagadda, appearing pro se, filed the present motion to set aside clerk's entry of default and quash service. (*See* Mot.) Lukose filed a response (Dkt. No. 97), and Yarlagadda filed a reply (Dkt. No. 102). Accordingly, the Motion is ripe for consideration.

## II. DISCUSSION

Rule 55 mandates entry of default by the clerk when a party against whom relief is sought "has failed to plead or otherwise defend[.]" Fed. R. Civ. P. 55(a). That same rule authorizes a court to set aside an entry of default "for good cause." Fed. R. Civ. P. 55(c). "'Good cause' is interpreted liberally in the context of Rule 55(c)." *Hutchinson v. Com. Recovery Sys., Inc.*, No. 3:13-CV-1266-D, 2013 WL 2367771, at *1 (N.D. Tex. May 30, 2013); *see also Amberg v. Fed. Deposit Ins. Corp.*, 934 F.2d 681, 685 (5th Cir. 1991).

Lukose alleges that Yarlagadda was served on April 18, 2026, and therefore, Yarlagadda's deadline to serve an answer or otherwise defend was May 11, 2026. (*See* Dkt. No. 72-1 at 1.) In support of his request for entry of default, Lukose filed a proof of service indicating that Yarlagadda was served by process server Kuriachan Udupp on April 18, 2026. (*See* Dkt. No. 71.) The proof of service document represents that Udupp left the summons at Yarlagadda's "residence or usual place of abode with Praveen Narra, 14744 Harmony Ln, in Frisco, TX 75035-0168, a person of suitable age and discretion who resides there, on April 18, 2026, 04:37 PM, and mailed a copy to Yarlagadda's last known address[.]" (*Id.*) The Clerk entered default as to Yarlagadda July 17, 2026. (Dkt. No. 76.)

"A party is entitled to entry of a default by the clerk of the court if the opposing party fails to plead or otherwise defend as required by law." *Staten v. City of Dallas*, No. 3:19-cv-843-L-BN, 2020 WL 1083605, at *2 (N.D. Tex. Mar. 6, 2020) (citing Fed. R. Civ. P. 55(a)). "And, while '[t]his first step, entry of default, is a

ministerial matter performed by the clerk and is a prerequisite to a later default judgment,' the decision whether to 'perform the ministerial function of entering default that is assigned to the clerk by the text of Rule 55(a) [remains] vested within the judge's sound discretion.'" *Brown v. Gateway Mortg. Grp., LLC*, No. 3:23-CV-2826-S-BN, 2025 WL 593058, at *1 (N.D. Tex. Feb. 21, 2025) (quoting *Staten*, 2020 WL 1083605, at *2).

Under Rule 4(c)(1) of the Federal Rules of Civil Procedure, plaintiffs have the burden to ensure that defendants are properly served with summons and a copy of the original complaint. Fed. R. Civ. P. 4(c)(1). Under Federal Rule of Civil Procedure 5(a), "personal service of the summons and complaint is not required in order to serve an amended complaint" *only* once a party has "already appeared in the litigation," *Taylor v. El Centro Coll.*, No. 3:21-cv-999-D-BH, 2022 WL 581812, at *1 (N.D. Tex. Feb. 25, 2022) (emphasis added) (citing *Fluor Eng'rs & Constructors, Inc. v. S. Pac. Transp. Co.*, 753 F.2d 444, 449 n.7 (5th Cir. 1985) (collecting other cases)); *see also Deutsche Bank Nat'l Tr. Co. as Tr. for Argent Sec. Inc., Asset-Backed Pass-Through Certificates, Series 2006-W5 v. Morris*, 350 F.R.D. 367, 369 (N.D. Tex. 2025); 4B Charles Alan Wright & Arthur R. Miller, Fed. Prac. and Proc. § 1146 (4th ed.) ("[I]t is clear that amended or supplemental pleadings must be served on parties who have not yet appeared in the action in conformity with Rule 4." (footnote omitted).

As the record set out above reflects, even if the purported service on April 18, 2026 was otherwise proper, Yarlagadda was not served with the operative Second

Amended Complaint that Lukose filed on May 22, 2026 (Dkt. No. 45).[2] Therefore, Yarlagadda was not in default at the time Lukose filed the Second Amended Complaint. Service of the original complaint alone, even if that service was otherwise proper, is not a basis to find Yarlagadda in default now. *Deutsche Bank*, 350 F.R.D. at 369

## III. CONCLUSION

For these reasons, the Court **GRANTS** Defendant Chakradhar Yarlagadda's Motion to Set Aside Clerk's Entry of Default and to Quash Service of Process (Dkt. No. 77), **VACATES** the Clerk's entry of default (Dkt. No. 76), and **QUASHES** Lukose's prior service attempts. Lukose must properly serve Defendant Yarlagadda within 21 days after the entry of this Order.

**SO ORDERED** on August 18, 2026.

BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

[2] The Court notes that the summons issued to Chakradhar Yarlagadda with respect to Lukose's First Amended Complaint (Dkt. No. 28) was returned unexecuted on August 2, 2026 (*see* Dkt. No. 96). An affidavit of service executed by a private process server indicates that multiple attempts to serve Yarlagadda at his "Home" located at 191 Hamilton Street 205, New Brunswick, NJ 08901-1806, were unsuccessful. (*Id.*)